UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LANCE VASSOR,<br><br>                  *Plaintiff,*<br><br>-against-<br><br>THE COUNTY OF NASSAU,<br>DSGT. JOHN F. RODEN,<br>DET. RICHARD T. GROGAN, PO<br>FRANK DICONZA and JOHN DOES, said<br>name being fictitious and intended to represent<br>other police officers whose names are unknown<br>at this time,<br><br>                  *Defendants.* | Civil Action No. 07-4348<br><br>**AMENDED COMPLAINT**<br><br>Hon. Thomas C. Platt<br><br>Jury Trial Demanded |

Plaintiff Lance Vassor, by his attorney, David Zevin, Esq., as and for his Complaint, alleges and avers as follows:

## NATURE OF THE CASE

1.     On January 17, 2006 a shooting occurred in Elmont, New York, and the shooter got away.

2.     The shooting received substantial local publicity, and the Nassau County Police Department came under pressure to capture the shooter.

3.     The next day, while the plaintiff Lance Vassor, a young black musician, artist and business-owner, and a long-time resident of Elmont, was sleeping peacefully at his home, the defendants woke him, handcuffed him in his home for his "own protection," searched his home for weapons, found none, seized his clothes, and arrested him for the previous day's shooting without reading him his Miranda rights.

4. Mr. Vassor was strip searched and jailed by the defendants for approximately three weeks, during which time he was subjected to extreme pressure to confess to the shooting, which he did not confess to because he did not commit it.

5. During those three weeks, Mr. Vassor witnessed physical fights between inmates every day and often heard inmates and guards discussing "white power," both of which caused constant terror for him. He has nightmares about his time in jail to this day.

6. While imprisoned, Mr. Vassor could not sleep at night because of the frequent screaming by other inmates. When he attempted to shut out the nightly noise by wrapping a towel over his ears, the towel was taken away from him by a jail guard and he was disciplined: for the next two weeks, until his release, Mr. Vassor was kept locked in his cell for 22 hours per day.

7. Mr. Vassor developed a skin reaction while in jail, which caused him terrible itching. He was eventually given some sort of cream to treat the condition, but it was ineffective and no other treatment was forthcoming.

8. After enduring these conditions for approximately three weeks, the defendants released Mr. Vassor when a grand jury refused to indict him and all charges against him were dismissed.

9. The defendants deprived Mr. Vassor of his liberty for no cause, and performed an inadequate, careless, negligent and improper investigation into the shooting for which he was imprisoned but did not commit, including, upon information and belief, a failure to check Mr. Vassor for ballistic residue, a disregard of the fact that no ballistic residue was found on the clothes he wore the day of the shooting, a failure

to question witnesses with exculpatory information, and complete reliance upon a witness identification made from a very underexposed photograph of Mr. Vassor in which he wore his hair in a strikingly different style. It was difficult to discern him at all in this photograph, much less identify him.

## JURISDICTION AND VENUE

10. This is an action for civil rights violations, attorneys fees and costs and punitive damages pursuant to 28 USC §§ 1331, 1343 and 1367 and 42 USC §§ 1983 and 1988, and the Constitution of the United States and the 4th and 14th Amendments thereto.

11. Venue is proper in this Court pursuant to 28 USC § 1391, as all the events and omissions giving rise to the claims herein occurred in this district.

## THE PARTIES

12. The plaintiff Lance Vassor at all times hereinafter mentioned was a resident of the County of Nassau, State of New York, and resided at 56 Elzey Avenue, Elmont, New York.

13. The defendant the County of Nassau is a Municipal Corporation, organized under and pursuant to the laws of the State of New York. It is responsible for the policies, procedures, practices, training, supervision, acts and omissions of the Nassau County Police Department, Dsgt. John F. Roden, Det. Richard T. Grogan, PO Frank DiConza and John Does, said name being fictitious and intended to represent other police officers whose names are unknown at this time, and it is further responsible for injury and deprivation of civil rights occasioned thereby. At all times hereinafter mentioned it was also the public employer of defendants Dsgt. John F. Roden, Det.

Richard T. Grogan, PO Frank DiConza and John Does, said name being fictitious and intended to represent other police officers whose names are unknown at this time.

14. The defendant Dsgt. John F. Roden is an employee, officer and/or official of the Nassau County Police Department and County of Nassau and is sued individually.

15. The defendant Richard T. Grogan is an employee, officer and/or official of the Nassau County Police Department and County of Nassau and is sued individually.

16. The defendant PO Frank DiConza is an employee, officer and/or official of the Nassau County Police Department and County of Nassau and is sued individually.

17. The defendants John Does, said name being fictitious and intended to represent other police officers whose names are unknown at this time, are employees, officers and/or officials of the Nassau County Police Department and County of Nassau and are sued individually.

18. At all times hereinafter mentioned, the defendants acted under color of state law.

**FACTUAL ALLEGATIONS**

19. On January 18, 2006, the plaintiff Lance Vassor was arrested at his home and taken into custody by the defendants, upon information and belief, PO Frank DiConza and Det. Richard T. Grogan. He was charged with Assault in the Second Degree, Criminal Possession of a Weapon in the Second Degree and Criminal Possession of a Weapon in the Third Degree in relation to an incident which had occurred the previous day.

20. Mr. Vassor was jailed in the Nassau County Jail for approximately three weeks by the defendants, including, upon information and belief, Dsgt. John F. Roden and John Does, said name being fictitious and intended to represent other police officers whose names are unknown at this time, during which time he was subjected to deprivation of his civil liberties, terrible living conditions, lax medical care, emotional abuse, physical danger and daily terror.

21. After approximately three weeks, Mr. Vassor was released when a Grand Jury refused to indict him and all charges against him were dismissed.

22. At no time did Mr. Vassor commit any illegal acts or engage in any conduct which justified the defendants' actions. The defendants lacked probable cause and/or reasonable grounds to arrest and imprison Mr. Vassor and deprived him of his freedom in violation of 42 USC § 1983, and the Constitution of the United States and 4th and 14th Amendments thereto.

23. In fact, this was not the first time that the Nassau County Police Department and the County of Nassau had deprived Mr. Vassor of his constitutional rights, and it would not be the last. Twice previously, in or about 2002 and 2003, the Nassau County Police had illegally detained Mr. Vassor, and then released him without charging him, and then did so twice again in or about 2007.

24. Upon information and belief, the Nassau County Police Department and the County of Nassau held no training classes in constitutional rights for police officers for over two decades prior to Mr. Vassor's arrest, and in 2007, after his arrest, provided only three lectures, and then only to newly graduating officers.

## AS AND FOR A FIRST CAUSE OF ACTION

25. All previous allegations are incorporated herein by reference.

26. The defendants deprived Lance Vassor of his civil rights in violation of 42 USC § 1983 and the Constitution and 4th and 14th Amendments thereto of the United States by wrongfully arresting and imprisoning him.

27. Lance Vassor was thus unlawfully deprived of his liberty and subjected to great physical and mental distress, subjecting him to substantial damage.

## AS AND FOR A SECOND CAUSE OF ACTION

28. All previous allegations are incorporated herein by reference.

29. The defendant the County of Nassau owed a duty to Mr. Vassor to properly train, supervise, direct and control the Nassau County Police Department, Dsgt. John F. Roden, Det. Richard T. Grogan, PO Frank DiConza and John Does, said name being fictitious and intended to represent other police officers whose names are unknown at this time.

30. The defendant the County of Nassau inadequately and negligently trained, supervised, directed and controlled the Nassau County Police Department, Dsgt. John F. Roden, Det. Richard T. Grogan, PO Frank DiConza and John Does, said name being fictitious and intended to represent other police officers whose names are unknown at this time.

31. Lance Vassor was thus unlawfully deprived of his liberty in violation of 42 USC § 1983 and the Constitution and 4th and 14th Amendments thereto of the United

States and subjected to great physical and mental distress, subjecting him to substantial damage.

## AS AND FOR A THIRD CAUSE OF ACTION

32. All previous allegations are incorporated herein by reference.

33. The conduct of the defendants Dsgt. John F. Roden, Det. Richard T. Grogan, PO Frank DiConza and John Does, said name being fictitious and intended to represent other police officers whose names are unknown at this time, was willful or wanton or done with reckless disregard for the rights of Mr. Vassor, entitling him to punitive damages.

WHEREFORE, plaintiff Lance Vassor, respectfully requests that this Court enter judgment for the plaintiff and direct the defendants to pay the plaintiff Lance Vassor damages for civil rights violations, deprivation of liberty, deprivation of property, emotional distress, pain and suffering, false imprisonment and illegal search and seizure in an amount not less than Five Hundred Thousand Dollars ($500,000.00) along with attorney's fees and punitive damages, together with the costs and disbursements of this action and granting such additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims properly triable by a jury.

Dated:    Glen Head, New York
          March 13, 2008

Respectfully Submitted,

_____
David Zevin, Esq. (DZ 6126)
*Attorney for the Plaintiff*
8A Oaklawn Avenue
Glen Head, NY 11545
(516) 849-5335
davzev@hotmail.com